2358 United States v. Mills. Mr. Fryer. Your Honors, may it please the Court, my name is Benjamin Fryer, and I'm here on behalf of Thomas Mills. Mr. Mills respectfully requests this Court reverse the District Court's denial of his motion for a certificate of innocence. The key issue on this appeal is whether Mr. Mills engaged in misconduct or neglect that led the federal government to charge him with the single count of being a felon in possession. The government has raised a secondary issue, not ruled upon by the District Court, that Mr. Mills did not show that he violated North Carolina state law. In response to both of these issues, I would like to impress upon this Court that whether the firearms were stolen, and whether Mr. Mills was in violation of state law, is irrelevant to why Mr. Mills was prosecuted by the federal government. A defendant may obtain a certificate of innocence by establishing each element of a three-pronged inquiry. First, that his conviction was reversed or set aside on the ground that he was not guilty. Second, that he did not commit any of the acts charged, or that those acts constituted no crime against the United States or any state. And third, that he did not, by his conduct or neglect, cause or bring about his own prosecution. The government concedes that Mr. Mills satisfies the first prong of this inquiry because his conviction was vacated on the grounds that he was not actually guilty. Based on this Court's decision in Simmons, and its retroactive application under Miller v. United States, the government conceded that Mr. Mills' criminal history did not include any crimes punishable by sentence in imprisonment more than one year. Under Simmons and Miller, Mr. Mills, therefore, had the right to possess the two firearms under federal law. The government, however, contends that Mr. Mills has not satisfied the second and third prongs of the inquiry, and it does so based on the same two flawed arguments. But more importantly, the District Court held that Mr. Mills failed to satisfy the third prong by failing to apply a proper causation analysis, and that error was, in our view, compounded the Court's imposition of an incorrect standard of proof. In his motion for a certificate of innocence, Mr. Mills asserted that he was unaware the firearms were stolen, and that the government had never contended otherwise. The government, in its response... Can you tell us why that matters? Well, Your Honor, I think, in a very real sense, it should not matter. It should not matter because the only evidence, there was no evidence before the District Court that Mr. Mills was aware he was in possession of a stolen firearm. There was no evidence ever adduced at the trial court level because he was never accused, much less charged. Because it didn't matter. And I... And I'm asking you now, why does it matter now? It doesn't matter now. The reason it matters that Mr. Mills... There's no proof that he stole the firearms or that he knew they were stolen. Right? Yes, Your Honor. And so my question to you is, how does that help you? Even if it's true, even if one were to accept that inference, how does it help you? I believe it helps in a very crucial way. But I would also add we're not only relying on the inference that there is no evidence and therefore it did not occur, we are also relying on Mr. Mills' statement that he was unaware. And that statement is unimposed at the District Court level. Okay, so how does any of that help you? The reason that helps us, Your Honor, is because it is immaterial. It is irrelevant to the questions that were before the District Court on the certificate of innocence. It helps you because you believe that it shows that the District Court's rationale was incorrect. Is that correct? Is that what you're arguing? Your Honor, I believe the District Court's rationale is incorrect.  Yes, Your Honor. I believe it. Okay, so that's the only thing it's relevant to, right? We can affirm on any basis. We can affirm on a different rationale. Certainly. Certainly you could. Certainly you could. However, because the District Court seemed to rely upon the stolen status of the firearms, I think it is important for us to discuss that there was, in fact, no evidence. Well, did he, in fact, did the District Judge, in fact, follow Judge Mons' Graham decision, which is the test that we're bound by? That's correct. Did he or did he not? I believe he did not, Your Honor. If you look at the concluding paragraph of the District Court's order, he accurately states the requisite showing. But with no analysis, he simply concludes that in the absence of evidence, other than Mr. Mills' undisputed statements, that he did not know the firearms were stolen. Well, am I correct that as to the second prong, he made no findings at all? He made no finding, Your Honor, although I think his language in the opinion certainly suggests that he was mauling on it. So we could do, as Judge Mons suggested, affirm it on any gram we can find in the record. You can do so, Your Honor, and that's why I think it's important for me to clarify both that the stolen nature of the firearms was immaterial to his prosecution under 922G1, which is an argument that was— Why don't we go to the third gram factor? And how did you prove, because it is your burden to prove, that his misconduct or neglect did not cause or bring about his own prosecution? Yes. Thank you, Your Honor. The causation analysis is the crux of why we are here. And in this case, we have a record devoid of any accusation or hint that Mr. Mills knew the firearms were stolen. Mr. Mills stated— State law was violated, right? Pardon me? His possession of a gun, stolen or not, violates state law, correct? That's correct. That shows me a certain neglect or misconduct by him. That act, whether or not there was a state prosecution. And that act was the basis, ultimately, for his federal prosecution, too. Yes, Your Honor. So I don't see how you escape, how you've demonstrated that you would prevail on three. Yes, Your Honor. The crime for which Mr. Mills was charged, 922 G1, is separate from any state law requirement. It does not— Of course. But the underlying conduct, it's the conduct, the misconduct. There was no prosecution that was the underlying conduct in Graham. And so we found that there was no demonstration of actual innocence. There didn't have to be a state prosecution at all. This was a violation of state law. Now, we know it's not, because of Simmons, a violation of federal law, or not the violation of the federal statute that was charged. But it was a violation of state law, for sure. Whether or not there was a state prosecution. Certainly, Your Honor. And we wouldn't contend— So that's conduct. Certainly. That is— It's his misconduct. That's conduct and it's misconduct. And that misconduct caused his federal prosecution. Your Honor, I don't dispute the misconduct as in violation of North Carolina state law. Right, okay. What I do respectfully dispute, Your Honor, is that that conduct led to his federal prosecution. Well, he hadn't— If he hadn't possessed the gun, stolen or not, he wouldn't have been prosecuted under federal law. If he had possessed the guns in violation of North Carolina state law, he would not have been prosecuted under federal law following the law in Simmons. And as we know now after Miller, the law in Simmons controls, even as to that day in 2003, that Mr. Mills was in possession. And that is why I keep going back to the causation aspect of this, from the state law violation because his prosecution was federal. It was based on a federal statute that contained—encompassed the exact behavior of a felon in possession. And it would have been immaterial. The federal government needed to look in no way to any state law, any conduct that might have violated state law. It had before it a violation of federal law. However, we now know that that was an incorrect interpretation of federal law. By this court. By this court, yes. Not the government. And that's correct. As you argue, by this court. And that's correct, Your Honor. And what I would say about that is we certainly do not imply that the government did anything in bad faith or maliciously at that time. Oh, of course. Certainly. Of course. But that isn't part of the third predicate. By definition, the conviction has gone away. You've met the first predicate. So that it didn't have to be all you're saying is that his conduct, his misconduct, did not form a valid basis for the state prosecution. We ultimately found. But his misconduct certainly caused the state prosecution. The federal prosecution, Your Honor? Federal prosecution. Yeah, sorry. Your Honor, as the. I mean, I don't see. There's no way out of that. No, I. What else caused it? Well, I will tell you, Your Honor, that what the government contends at this appeal is that the investigation was initiated by a. No, and maybe that's true. Maybe it's not. But what difference does it make? The statute doesn't say anything about the temporal state versus federal, which came first. It could cause it at any time. And I think that's certainly. All it says is cause. Right. Cause. And I suppose I just can't see how Mr. Mills' violation of North Carolina law caused the federal government to prosecute him, not investigate him, but prosecute him under its own federal statute. Well, they had been doing it for years and years and years, and we've been affirming. So I don't understand how you can't understand that. Certainly, Your Honor, that certainly, Your Honor, the same conduct can constitute and here did constitute both a federal crime and a state crime. But Mr. Mills was not charged with any state crime and his federal crime for which he was charged is independent of any state law violation. And I understand that you return to the conduct. We know from our cases now that he did not violate federal law. But no case of ours holds that this conduct is not misconduct. No case of ours says that you're free to do this under state law. Certainly. So his misconduct, he has to demonstrate that his misconduct didn't cause the federal government to prosecute him. And his misconduct is not in dispute here. I'm certainly not claiming he didn't. What I'm not getting is the causation because if he hadn't committed it, there wouldn't have been a federal prosecution with it. If he had. If he hadn't possessed, been a felon possessing the gun, there wouldn't have been a federal prosecution. True. And however, today and even retroactively on that day, there wouldn't have been a federal prosecution at all either. Yes, but what you're trying to do is turn the conduct, the underlying conduct, into the offense of conviction. And that's just, they're just different things. No, Your Honor, what I'm attempting to do at least. Because it doesn't have to be even criminal. It could just be negligent misconduct. Right. And that much is clear. What I am attempting to do is to draw that nexus. Is to say, certainly, misconduct in violation of North Carolina state law. But there is no nexus between that misconduct and the federal charge. It's the same misconduct. It's the same conduct. And I don't disagree. And misconduct. I don't disagree, but what I stand by is that that misconduct was not the cause of his federal prosecution. Okay, well what was the cause of his federal prosecution? The cause of his federal prosecution was that, as the government should have understood at the time, because it was the prevailing law, he was then regarded as a felon in possession under 922G1. Well, how could he be a felon in possession under 922G if he wasn't a felon in possession under North Carolina law? It's the same underlying conduct with those parts of the... Except for there are two parts to that. The first part requires, it looks into the status of Mr. Mills. The status of Mr. Mills under North Carolina law is a felon. But the status of Mr. Mills under federal law is that he is not a felon. And under federal law, he was within his rights to possess these firearms. So your argument really comes down to the cause of his prosecution was this court's erroneous interpretation of federal law informed by its erroneous understanding for federal law purposes of North Carolina sentencing schemes. That's what you... It seems to me that that's what you're left with. That we caused this conviction when we held in heart that a person in his circumstances under North Carolina structured sentencing was a felon. And we finally fixed that in Simmons. And that's your argument. Do you accept that characterization? I would... I mean, you don't want to say it, but that's all that you're left with, isn't it? No, I don't believe it is, Your Honor. Well, what caused it? If it wasn't this court's erroneous interpretation of law and it wasn't the misconduct that he engaged in, what was it? No, I think certainly it was the understanding that that was the interpretation of the law of the day under Harp. Okay. And certainly... But even if that erroneous interpretation stands, he had to engage in misconduct. You know, there are plenty of citizens in North Carolina that have never been affected by Harp, right? Right. So it wasn't any misconduct, as that term is used in maybe misinterpretation of the law, but not any misconduct by the Fourth Circuit that led to this. And I'm certainly not suggesting that. There's plenty of misconduct. Not in this case. No, I'm certainly not suggesting that, Your Honor. What I am suggesting, though, is that the misconduct here was simply not what caused his federal prosecution. His federal prosecution was caused by his status as a felon under federal law as it stood at that time. And this isn't a case like Osborne or like Graham or like Betts, where a court of appeals later found that there was insufficient evidence or that there was a procedural defect. This is a case where... It's not like Graham because there's no even underlying misconduct that constitutes a violation of the law, whereas your underlying misconduct does. So it sounds to me like a much stronger case. Well, Your Honor, as you pointed out, conduct need not violate the law. No, it need not, but here it did. In Graham, this court, Your Honor, talked about the sordid tale of abuse that came about 39-count indictment. Certainly there was rampant misconduct there. All of which he was acquitted of. And that's right. But what I would suggest, Your Honor, is unlike that 39-count indictment, there was a one-count indictment here that was predicated entirely on his status under the eyes of the federal law. Not just his status, his conduct, too. Right. But the conduct was not the cause. You can't have the federal prosecution and conviction without the conduct. And the conduct need not involve every element of the federal crime. But I understand that we can agree to disagree on that, I guess, because you think it does have to involve every element of the crime. No, Your Honor, what I think is that the conduct here, the possession of a stolen firearm, whether or not he knew it was stolen or whether or not that violated North Carolina law, what this came down to, that's the conduct that led to his investigation. What led to his charge was his status. And so you're absolutely right to point to the misconduct. But the misconduct, we now know, was not misconduct in the eyes of the federal government because he was permitted to be in possession of a firearm under federal law. He was permitted to be in possession. Okay. Thank you. Well, your time has expired. We'll hear from the government, and then I think you have a few minutes for a button. Thank you, Your Honor. Thank you. May it please the Court. I am Shalika Shah here on behalf of the United States. In our system of justice, we understand the difference between not guilty and innocent. Section 2513 was intended to provide a vehicle through which individuals who are truly innocent of any crime can seek compensation. Here, this defendant was found not guilty, but he is not innocent. Looking at the face of the statute, you can see a progression. To phase out those who are simply not guilty and exonerate only those who are innocent of any crime whatsoever. In order for the defendant to fall into this category, he had the burden to allege and prove three things. First, that he is not guilty of the offense of conviction. And we all agree that he has done this. Two, that he did not commit any of the acts charged, or his actions did not constitute a crime in the state of North Carolina. He has not done this. And three, he had to show that he did not, by his own actions, his own misconduct, cause or bring about his prosecution. Let me understand. I use this word cautiously, but there are a lot of fictions in the law. I take it from your remarks that you believe, in this case, it's a fiction of actual innocence. Because he did something wrong, but it didn't amount to a federal crime. Yes, Your Honor. Would it make any difference to you, so it makes a difference to you, that if he was actually innocent, not fictionally actually innocent. Does that make a difference to you? Yes, Your Honor, that does make a difference. And I'm interpreting your term of fictionally innocent as legally innocent. This defendant is legally innocent here. He is no longer, his actions do not constitute a violation of 18 U.S.C. 922. Does it make any difference to you whether the result of the case ended by insufficiency of evidence? This is exactly the same type of case, I believe. And it's something that Congress, the legislature, contemplated in enacting Section 2513. In the Southern District of New York's opinion in Keegan, which this court discussed in its opinion in Graham, the court, the legislator thought and contemplated the need to differentiate those who are acquitted of a conviction based on insufficiency of evidence or lack of intent from those who actually did not commit any crime against the United States or against any state, territory, province of this nation. And it goes beyond that. The type of individual that this statute is intended to benefit are those individuals that are prosecuted only by mistake, not those who by their own... By mistake? I would hope that our Department of Justice never prosecutes somebody by mistake. Absolutely, Your Honor. I would certainly hope the same thing. But I believe what the statute was intended... The type of individual the statute was intended to compensate are those individuals who later are exonerated by DNA evidence. Individuals who were prosecuted and convicted but ultimately are found to be completely innocent of any crime whatsoever. I doubt if that's the policy of the Department of Justice. I appreciate your effort to engage with Judge Floyd because this is a tricky statute. There's no question about it. This is kind of tricky. You know, there's a weighty moral component to this statute that the words of the statute really don't address. Who is deserving is really the question you're dealing with right now. And this whole idea of negligent misconduct as disqualifying, it seems to me, comes pretty close to expressing a moral judgment. People who do bad things may not be deserving depending on the elements of the criminal conviction. So you can engage in misconduct that may or may not violate, as Judge Mott said, may or may not violate state or federal law, and you still may not recover or get the certificate so that you can seek compensation. Well, Judge Davis, I agree with you to a certain extent. As this Court said in Graham, that third prong really does look to the virtue of a defendant's conduct. And to that extent, yes, it is essentially some sort of judgment beyond what is in violation of state or federal law. It's a judgment of the morality or the actual actions of the defendant. However, there is that causation piece that we've talked about a lot today. And that causation piece is what limits that. And there's a, I believe it's a D.C. District Court opinion in Eastridge that kind of talks about this causation piece. And it really says that that misconduct or neglect had to have some sort of nexus to the prosecution. It talks about it had to have been related in some way to the charged conduct. And I think that's where you get out of the realm of just judging defendants on their own history and characteristics and just on that and really looking to their acts in connection with the offense of conviction. Your argument really is a person such as Mr. Mills, who's on probation under state law and who is indisputably a felon under state law who possesses a firearm, could never, categorically, could never satisfy the standards in this statute. Yes, Your Honor. That's correct. And it really doesn't have anything to do with whether the guns are stolen or not. It does not. I believe the... Or short-barrel shotgun or not. None of that matters. He is categorically engaged in misconduct. Yes, Your Honor. Because he's a probationer and he's a state felon. Absolutely, Your Honor. I believe the inquiry in this case ends with the second prong of Section 2513 where the statute asks us to look to whether or not the defendant committed any of the acts charged. Now, the defendant, Mr. Mills, would have us read the actual offense of conviction as the act charged. That conflates prongs 1 and 2 of Section 2513 and they must be read to be distinct from one another. The act charged here is the actual possession of a firearm and it is indisputed and the defendant has, at no time, either before the district court or here before the court today, disputed that he did, on January 22, 2003, possess and sell a firearm in Raleigh, North Carolina. The defendant has never disputed that he was convicted and a felon in the state of North Carolina at the time that he possessed and sold those firearms. He has not disputed that his right to possess a firearm at that time had been revoked. He did commit an act charged. He did commit the act of possession. There is no question that those actions constitute the crime of felon in possession of a firearm in the state of North Carolina. He completely fails prong 2 and he can't come out from under that. Well, did the judge make any findings on prong 2? In other words, are you asking to make a de novo review of that? I believe, Your Honor, that the judge did make some specific findings. The judge did find that the defendant's actions did constitute a crime in the state of North Carolina. And the district court did find that the defendant did commit the act of possessing a firearm. Why the district court, and this is articulated in its order, why the district court did not decide on prong 2 is he was unable to decide whether or not the Fourth Circuit's decision in Simmons changed whether or not the defendant, in fact, committed the act's charge. Our argument here before the court today is it doesn't change it. Simmons applies and impacts prong 1 of Section 2513. That's where federal law comes into play. What prong 2 is looking to is whether or not the defendant committed any of the act's charge. Did he possess a firearm? Yes, he did. Whether or not he was a felon for federal purposes has no bearing whatsoever on the second prong of 2513. And because this court can affirm on any basis in the record, we ask that you find that the defendant has failed to meet prong 2. And you don't make an argument with respect to prong 3? Well, Your Honor, we do in the alternative make an argument. We reach prong 3 in our briefs as we discussed, but it's what the defendant has admitted to. The defendant does not deny that he engaged in misconduct, that his actions did constitute a crime in the state of North Carolina, and therefore that would constitute misconduct. What they dispute is this causation. Was that something that brought about his prosecution? What do you have to say about that? Well, Your Honor, I looked to the Fourth Circuit's language in Graham where the court said, did the defendant's actions, did his conduct, provide a reasonable basis for the prosecution? And that's where we can limit what causation really means. And here, there is no question, the actions that constituted the offense of felon in possession of a firearm at the state level are the exact actions that constitute felon in possession of a firearm at the federal level. At this point, yes, it was his actions that led the prosecution to him, that led the government to him and brought about his prosecution. Now, the defendant argues about the distinction between state prosecution and federal, and actions that bring about a state prosecution do not necessarily bring about a federal. In response to that, I have to say, well, this happens all of the time. Defendants are charged oftentimes at the state level, and then eventually those charges are then taken, there are new charges and indictment at the federal level, and the state charges after the prosecution ultimately are dropped. This progression is common and often happens at the federal level with drug crimes, with gun crimes, with multiple types of crimes. So my response to that argument is... What difference does any of that, you know... I'm sorry, Your Honor. I don't understand what difference it makes, whatever the order was. It doesn't say, there's no original sin requirement in this statute. It says cause. So what does it matter? There didn't have to be a state indictment conviction or anything. It was a violation of state law. Yes, Your Honor. I mean, they're all minor, I'm sure, violations of state law that are undetected. But if the feds get wind of that same conduct and decide to prosecute, then hasn't that underlying conduct caused the federal prosecution? Yes, absolutely, Your Honor. Okay, well, then explain to me why you were going on and on about the simultaneous or not federal and state prosecutions. What difference does it make? Well, Your Honor, I was just responding to the defendant's argument, something that they raised in their reply brief and something they raised before the court today, that the defendant's actions only could have caused a state prosecution. They certainly could not have caused a federal prosecution because in light of Simmons and Miller, the defendant is no longer a felon for federal prosecution. But their conduct. Absolutely, Your Honor. I agree. I agree that his conduct, his actions, and we talked about this a little bit in our brief, but what we were saying, there are a couple of things that lead to a federal prosecution, and the conduct is the most important part of that. And then the government can then match that conduct to a specific statute that the defendant's actions are in violation of, and that brings about the prosecution. So there is no question that his conduct brought about the prosecution. Does that answer your question, Judge Bonds? I'm not sure, but I think I've talked a lot. Can you think of a case under the Graham statute where somebody could get relief? I'm sorry, Your Honor, I didn't hear you. Can you think of a case or situation in a federal prosecution under the Graham test where somebody could get relief under that statute? Absolutely. Can you help me out with an idea? Yes, Your Honor. I think it would be the situation that I mentioned before where an individual is exonerated by DNA evidence after a prior conviction, where he spent years in custody, and ultimately the evidence that led to him is to determine that he wasn't the one that committed that actual crime, that his actions didn't constitute a crime in any state. He didn't commit the acts charged. I think at that point then you have a defendant within the vision of the type of individual this statute was intended to benefit. And the legislative history supports that limited sort of view of what this statute is intended to cover? Yes, Your Honor. The legislative history specifically talks about the need to benefit those and compensate those who are innocent of the crime of conviction and innocent of any crime whatsoever, and I believe that's quoted in Keegan. Don't you want to say innocent of any misconduct? Yes, Your Honor. Innocent of any misconduct related to the offense of conviction as well, Your Honor. So let me follow up on that. Your DNA evidence exonerated the guy, but what led up potentially to a prosecution was a domestic violence incident by that same man against that woman, but he didn't rape her. Now, does that misconduct count against him? That's a tough question, Your Honor. Probably yes, Dr. Simmons. Yes, I think it probably could. I mean, not as Simmons under Graham. Under Graham, yes, Your Honor. Yes, I think that could constitute misconduct, but I think it also there would be a multiple consideration. What's the temporal limitation? Was there domestic violence in the relationship years in the past and then there was the alleged rape? I think there are multiple factors to consider, but just based on your hypothetical, I think it could constitute misconduct. But you would say that if he was convicted of rape and exonerated and he had never had any contact, didn't know the woman, he's actually innocent? Yes, Your Honor. So it's mainly intended for errors in respect to criminal agency, bad eyewitness identifications, bad forensics that actually convict a factually innocent person of a crime. I mean, I think that's what you're saying. Yes, Your Honor. And that's consistent with the fact that it's necessary to get this certificate of actual innocence to bring a claim for damages against the United States. Yes, that's exactly the case, and I think that statute is intended to only be invoked in those rare and unusual circumstances where someone is wholly innocent of any offense or misconduct, and then that person should be entitled to bring a suit against the United States for compensation for the time they were incarcerated. Here's one concern I have about that, and I suppose it's a little provocative, but here we have a guy who spent how many years in prison? Approximately 10 years, Your Honor. Almost 10 years in prison for a crime he did not commit, and a lot of people would feel he's entitled to some compensation. But if he's not, my understanding of the law is that if he ever gets convicted of another federal crime, those 10 years are going to be credited against whatever sentence he gets. So from a purely law and economics perspective, I'm concerned that we're creating an incentive for people such as Mr. Mills to take a shot, rob a bank, rob a post office, because he's already served the time. And if he's in economically dire circumstances, and I don't mean to suggest that he's a particularly sympathetic person from what we know about him. He's got a long list of convictions from North Carolina. He hasn't led a law-abiding life. But I just worry about the interpretation that says, too bad you gave 10 years of your life for a crime that you were not legally guilty of, and you get nothing. But I guess that's Congress's call, right? I can sit here all I want and opine about the law and economics of it, but it is concerning. Yes, Your Honor. I certainly hope that it doesn't create that incentive. Is there any alternative compensation system that we don't know about? Not that I know of, Your Honor. The Department of Justice doesn't have a little slush fund to help people? We don't have any extra money as far as I know. Seeing that there are no further questions from the panel, in closing I want to highlight just a few things. The defendant had the burden to allege and prove that he met all three prongs of Section 2513, and he has failed to do this. He has failed to show that he did not commit any of the acts charged. He has failed to show and prove that those actions do not constitute a crime in North Carolina, and he has failed to prove that he did not engage in any misconduct or neglect that caused or brought about his prosecution. This is not the rare and unusual case that Section 2513 was intended to benefit. This is not the case where an individual, neither through his actions, misconduct, or neglect, caused his prosecution. In other words, this defendant is not a truly innocent person. To extend the extraordinary relief of Section 2513 to this defendant completely erodes the original purpose and intent of the statute. Therefore, we ask that you affirm the judgment of the District Court. Thank you. Thank you, Your Honors. I'll be brief in rebuttal. I just want to touch upon a few points that Ms. Shaw raised. She is correct that the legislative history and the case law does instruct us that this type of relief should be for the rare and unusual case. My concern is that the government's construction is pushing rare and unusual to perhaps next to never. In Judge Floyd's example of an individual who is exonerated by DNA evidence, the government could likely point to any other misconduct, criminal or non-criminal, in that individual's life, and particularly at the time he was charged, to say that there was something that led the government to look at that person as a suspect, and ultimately, because he was a suspect, led to his prosecution. And in that example of someone who is wrongly convicted and later exonerated, certainly, like Mr. Mills, he would be legally innocent, as we've described it. But that person then would be foreclosed from any relief that the certification of innocence allows. A person who gives a false alibi to a friend or a relative and thereby redirects attention by investigators to himself and ends up getting convicted for a crime he didn't commit, and then years later, he would be properly disqualified, wouldn't he? Yeah, I would agree, Your Honor, and I think that is a good example. We see cases like... How do you distinguish that from Mr. Mills' violation of North Carolina law and the possession of firearms? I think what you're describing is along the lines of cases like the Lyons case out of the Middle District of Florida that talks about those kind of acts that make an individual look like a guilty person, that make an individual bring about the government's scrutiny and look like a person guilty of a crime that he, in fact, did not commit. Here, this is an individual who did not commit the one crime for which he was charged. He did not tamper with evidence. He did not suborn perjury. He did not perjure himself. He did not flee. Those are examples that we have seen that Your Honor cites and recognizes that we've seen in other cases. That isn't present here. And what is present here is, again, as the government describes with respect to the second prong, that this is an individual who did not commit the act because the act of possessing a firearm, these types of firearms anyways, is not unlawful under federal law unless the individual is a felon. This is an individual who is not a felon. This is an individual who did not commit the crime for which he was charged. This is an individual who served nearly 10 years in prison because of that understanding at the time of his prosecution. This individual did nothing outside of possessing those firearms that under the federal law he was entitled to. What if the problem with the prosecution had been, it turns out after he'd served a year and a half in prison, that the firearms had not, in fact, traveled in interstate commerce? Well, I think... Would your argument be the same? You know, that's an interesting question, Your Honor. I think that the difference there is that falls more into the category of the Osborne or Graham-type cases where we talk about procedural defects or we talk about insufficient evidence. And I agree... But we've called Simmons a procedural opinion. We've called Simmons a procedural opinion. This Court has also, in Miller, called it a substantive opinion, which is why it was made retroactive. Well, no, I think in Miller we said it was a procedural opinion that we were applying retroactively. Is that not right? I do believe there's some language that talks about it being substantive, and that's sort of a lot of the motivation for making it retroactive. But I think in either event, the conduct here is such that this person is now regarded as completely innocent of the crime for which he was charged. This is not an individual like an Osborne, for example, who almost certainly committed the crime of premeditated murder but was charged in the wrong form, was charged by a court with lacking jurisdiction. This isn't such a case, and I would agree wholeheartedly with the government, that this relief is not intended for those types of individuals. But it is intended for those types of individuals. Well, under your argument, it would be intended for every single person that we said, and believe me, there have been a lot post-Simmons, have not committed a crime. So it may not be for every individual, but there are about, I don't know, 400. And that seemed to be a huge increase from, you know, at least at the time Graham was decided, there were, what, four, five appellate opinions? I mean, there were no certificates of innocence, virtually. And all of a sudden we're going to have 500? I don't think we will, Your Honor, because of the causation requirement. Well, I think many of them could make exactly the same argument that you've made, exactly the same with respect to causation. And so if we accepted it... And perhaps you will hear, though, as I don't know sort of hypothetically what other individuals may have done outside of the... I mean, think about it. These are people that were convicted under this federal statute, that we said that these things didn't... their underlying offenses didn't constitute felonies under federal law, but they still were felonies under North Carolina law, so they were going to be in exactly the same position as your man. Well, no, I think it's different, Your Honor, because I think in a case like Simmons, for example, where you have an individual who was deemed to be a felon, who was in possession of a controlled substance, that would be a crime on state and federal levels regardless of his status as... That's what your man was. He was a felon in possession. He was not a felon in possession of something that it's unlawful to possess. It was unlawful for him to possess it. But we now know it was not unlawful under federal law... But it was unlawful under state law. And that's what I'm saying to you. Many of them were in exactly that same situation. It would have been unlawful under state law, but not under federal law as we held in Simmons. And so your precedent would be a precedent for all of them, correct? It would be... In my opinion, it would be precedent for anyone who could come before this court and profess their actual innocence... Under that theory. Under that theory, and that they did not engage in misconduct or neglect that led to their own prosecution. Under your theory, that they did not engage in... Under my humble theory, Your Honor. Yes, yes, Judge. And if there's nothing further, I would... Thank you very much. Thank you.
judges: Diana Gribbon Motz, Henry F. Floyd, Andre M. Davis